Abraham KLEIN, Appellant,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,

Page Boy, Inc., Intervenor.

No. 12453.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 19, 1955.

Decided Feb. 2, 1956.

Mr. Sam Rosenblum, New York City,
for appellant.

Mr. Edward W. Hautanen, Counsel,
Federal Communications Commission, of
the bar of the Supreme Court of Wash-
ington, pro hac vice, by special leave of
Court, with whom Messrs. Warren E.
Baker, Gen. Counsel, Federal Communi-
cations Commission, J. Smith Henley,
Associate Gen. Counsel, Federal Commu-
nications Commission, and Richard A.
Solomon, Asst. Gen. Counsel, Federal
Communications Commission, were on
the brief, for appellee.

Mr. Stanley S. Neustadt, Counsel, Fed-
eral Communications Commission, also
entered an appearance for appellee.

Messrs. James A. McKenna, Jr., and
Vernon L. Wilkinson, Washington, D. C.,
entered appearances for intervenor.

Before EDGERTON, Chief Judge, and
BAZELON and BASTIAN, Circuit
Judges.

PER CURIAM.

Appellant Klein and Intervenor Page
Boy, Inc., filed mutually exclusive appli-
cations with the Federal Communications
Commission for facilities in New York
City in the Domestic Public Land Mobile
Radio Service. At a comparative hear-
ing before the trial examiner, it appeared
that the Postmaster General had issued
a fraud order against appellant about
fifteen months earlier. Upon considera-
tion of the circumstances underlying the
issuance of that order, the trial examiner
determined in his initial decision that
(1) appellant "is lacking in the requisite
character qualifications to become the
permittee * * * [and therefore] he
is not entitled to comparative considera-
tion with the competing applicant"; and

(2) the intervenor's application should be granted.

On June 4, 1954, the Commission affirmed the examiner's findings of fact and decision with respect to appellant but held in abeyance the decision on intervenor's application. Subsequently on August 9, 1954, the Commission granted intervenor's application and this appeal followed denial of appellant's petition for reconsideration.[1]

Upon the record as a whole, including the trial examiner's findings, we cannot say that the Commission acted arbitrarily and beyond its statutory authority.[2] Its action is therefore

Affirmed.

---

1. Intervenor moved to dismiss this appeal on the ground that appellant failed to file a timely appeal from the denial of his application. We agreed with the Commission, however, that appellant could obtain review of the denial upon this appeal. Accordingly we denied intervenor's motion to dismiss.

2. See Federal Communications Comm. **v.** WOKO, Inc., 1946, 329 U.S. 223, 67 S.Ct. 213, 91 L.Ed. 204.